■ SOMERSET RAILROAD CORPORATION, Petitioner, v OWASCO RIVER RAILWAY, INC., Respondent. OWASCO RIVER RAILWAY, INC., Appellant, v SOMERSET RAILROAD CORPORATION, Respondent, et al., Defendants. ANNA H. ORSZULAK, Respondent, v SOMERSET RAILROAD CORPORATION, Respondent.—Judgment unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: This record does not support Special Term's finding that "on July 21, 1982, claimant ANNA H. ORSZULAK was owner in fee simple absolute" of the disputed premises consisting of a railroad right-of-way adjoining property owned by her. We note that the court's memorandum decision makes no finding or evaluation of Orszulak's right to title; nevertheless, in its order, the court declares Orszulak to be the rightful owner on July 21, 1982. Orszulak claims title to the disputed premises by virtue of two deeds, each of which conveyed title to adjoining premises. However, each of these deeds contains the following clause: "ALSO EXCEPTING AND RESERVING THEREFROM so much of said premises as were *heretofore conveyed* to

the Rome Watertown and Ogdensburg Railroad Co. *and now occupied* by the New York Central and Hudson River Railroad." (Emphasis added.) By virtue of this exception clause, claimant Orszulak never acquired any right, title or interest in the disputed premises *(Corning v Lehigh Val. R. R. Co.,* 14 AD2d 156, 163). Therefore, the claim of Anna H. Orszulak is dismissed.

Claimant Owasco River Railroad, Inc. (Owasco) concedes that neither it nor any of its railroad predecessors has been able to locate any deed conveying to Owasco or its railroad predecessors the disputed premises, nor does Owasco claim that either it or any of its railroad predecessors acquired title by any order of condemnation. This record, therefore, supports the court's findings as to the claimant Owasco. (Appeal from judgment of Supreme Court, Niagara County, Joslin, J.—quiet title.) Present—Callahan, J. P., Doerr, Denman, Balio and Schnepp, JJ.